UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22-CR-2264-BAS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| RICHARD LEE RAMIREZ, | |
| Defendant. | |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title and interest in property of Defendant RICHARD LEE RAMIREZ ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as any and real property, real and personal, which constitutes or is derived from proceeds traceable to the violation involved in the offense set forth in Count 1 of the Indictment, alleging violations of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 and pursuant to Title 18, United States Code, Sections 981(a)(1) and 982(b) as all property involved in or traceable to the offenses in violation of Title 18, United States Code, Section 1957 as charged in Counts 2 and 3 of the Indictment; and

WHEREAS, on August 22, 2023, Defendant pled guilty before Magistrate Judge Daniel E. Butcher to the offenses in Counts 1-3 of the Indictment, which pleas

included consent to the forfeiture allegations of the Indictment, consent to the forfeiture of all properties seized in connection with the case, and an agreement to pay and forfeit to the United States the amount of $8,188,928 representing the amount of proceeds Defendant personally received from the offense set forth in Count 1 and property involved in the offenses set forth in Counts 2 and 3, which forfeiture shall be included and incorporated as part of the judgment in this case, and the following additional specific properties, which Defendant agrees are forfeitable to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(1) and Title 28, United States Code, Section 2461(c):

1. One (1) Thinkpad laptop computer, Type 20NX-000MUS, serial number PF-1RF3MJ 19/06;
2. One (1) black iPhone with black case;
3. One (1) silver iPhone with black case;

WHEREAS, on September 13, 2023, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the admissions of Defendant set out in the plea agreement, the financial addendum, and guilty pleas, the Court hereby determines that $8,188,928 represents the amount of proceeds defendant personally received from the offense set forth in Count 1 and property involved in the offenses set forth in Counts 2 and 3; and

WHEREAS, by virtue of said guilty pleas and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the amount of $8,188,928, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(1) and Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and is also entitled to an Order of Forfeiture as to the specifically listed properties described above pursuant to the same statutes; and

1     WHEREAS, by virtue of said guilty pleas, the United States in now entitled to possession of the above-referenced specific properties, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(1) and Title 28, United States Code, Section 2461(c); and

5     WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the $8,188,928, forfeiture money judgment, the above-described specific properties, and the offenses of conviction; and

9     WHEREAS, the Defendant has agreed to pay the United States the $8,188,928 judgment and agreed that the provisions for the substitution of assets as provided in 18 U.S.C. § 982(b) exist and that the United States may take actions to collect the forfeiture money judgment; and

13     WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

16     WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

19     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

20     1.    Based on the guilty pleas to Counts 1-3 of the Indictment, Defendant RICHARD LEE RAMIREZ shall forfeit to the United States the sum of $8,188,928, in the form of a personal forfeiture money judgment against him pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(1) and Title 28, United States Code, Section 2461(c), representing the proceeds he received from his involvement in the offense set forth in Count 1 and property involved in the offense set forth in Counts 2 and 3. Defendant is directed forthwith to remit to the United States $8,188,928, to pay the forfeiture money judgment. The forfeiture money judgment is in favor of the United States against

Defendant RICHARD LEE RAMIREZ in the amount of $8,188,928, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

2. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

3. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $8,188,928 to satisfy the forfeiture money judgment in whole or in part.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. Based upon the guilty pleas of the Defendant, the United States is hereby authorized to take custody and control of the following specific properties, and all right, title, and interest of Defendant RICHARD LEE RAMIREZ in the specific properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(1) and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   1. One (1) Thinkpad laptop computer, Type 20NX-000MUS, serial number PF-1RF3MJ 19/06;
   2. One (1) black iPhone with black case;
   3. One (1) silver iPhone with black case;

6. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

7. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

8. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties with respect to the specifically identified items of personal properties only. There is no requirement for ancillary proceedings for the forfeiture money judgment. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

9. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific

properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

12. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned specifically identified assets, in which all interests will be addressed.

13. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: November 2, 2023

_____
Honorable Cynthia Bashant
United States District Judge