**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-02264-BAS-1 |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE (ECF No. 98)** |
| RICHARD LEE RAMIREZ, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Richard Lee Ramirez filed a Motion to Reduce Sentence, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 98.) The Court referred the case to Federal Defenders for possible appointment of counsel. (ECF No. 99.) Federal Defenders filed a Status Report concluding the "Court can decide on the existing record without further assistance of counsel." (ECF No. 101.) The Government opposes the Motion. (ECF No. 103).

"Our justice system relies on the finality of criminal judgments." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025). Therefore, in general, a court may not

- 1 -

22cr2264

modify a sentence of incarceration once it has been imposed unless expressly permitted by statute. *United States v. Penno*, 319 F.3d 509, 511 (9th Cir. 2003).

The First Step Act, one such statute, permits a court, in certain circumstances, to modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] Section 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Grummer*, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021); *United States v. Holden*, 452 F. Supp. 3d 964, 967 (D. Or. 2020); *United States v. McCreary*, 528 F. Supp. 3d 1083, 1087 (D. Ariz. 2021).

## II.    STATEMENT OF FACTS

Defendant pled guilty to securities fraud and money laundering. (ECF Nos. 60, 62, 66.) He convinced acquaintances and friends to invest in his company through false claims and a deceptive Ponzi-style scheme. (Presentence Report ("PSR") ¶¶ 1–49, ECF No. 79.) He variously told investors that his company purchased and resold personal protective equipment, factored accounts receivable, sold furniture to home-improvement retail companies, and contracted with a cruise line to rebuild and refurbish air conditioning units on its ships, when, in fact, his company did none of these things. (*Id.*) Instead, Defendant used investors' funds for his own personal, luxury lifestyle, including $280,000 for a Rolls Royce and $408,000 for a down payment on a personal residential property, which were the subjects of the money laundering counts. (*Id.*) The parties stipulated that the reasonably foreseeable loss attributable to Defendant's fraud was at least $5,440,192.50. (*Id.*) The victims expressed concern that Defendant would scam other people and cause them to lose their life savings. (*Id.*) Defendant has three prior convictions for committing similar financial schemes. (PSR ¶¶ 74–76.)

22cr2264

On January 23, 2024, the Court sentenced Defendant to 90 months on each count to run concurrently. (ECF No. 90.) Defendant now brings a Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 98.) Defendant claims his daughter is 20 years old and pregnant with twins. (*Id.*) She has been directed to avoid lifting and physical strain during her pregnancy. (*Id.*) She is also the primary caretaker for two young children while her husband is deployed on active military duty until October 2026. (*Id.*) She does have daycare for these children at the Child Development Center, but she faces challenges managing childcare and household responsibilities outside the daycare hours. Defendant would like to be released to provide her daily support. (*Id.*) He does not explain why his ex-wife, Monique, or indeed, other family members, are not available to assist his daughter.

## II.    ANALYSIS

### A.    Exhaustion of Administrative Remedies

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition with the Warden seeking release, which is denied by the Warden, and the petitioner proceeds to continue to fully exhaust his administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

Defendant attaches to his Motion an unreadable letter, which he indicates is the Warden's denial of his petition for compassionate release. (ECF No. 98, Ex. F.) The Court is prepared to find Defendant exhausted his administrative remedies.

### B.    Extraordinary and Compelling Reasons for Release

Congress did not define "extraordinary and compelling" reasons for release. *Bryant*, 144 F.4th at 1123. Instead, "[i]t instructed the Sentencing Commission—'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id.* (quoting 28 U.S.C. § 994(t)). The Commission "answered Congress's call with § 1B1.13 of the Sentencing Guidelines,"

22cr2264

which the courts are now bound by in deciding all motions under § 3582(c)(1)(A).  *Id.* (citing *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

Section 1B1.13 of the Sentencing Guidelines lists categories of circumstances that might constitute "extraordinary and compelling" reasons for a sentence reduction, including "Family Circumstances," which is defined as:

(A) The death or incapacitation of the caregiver of the defendant's minor child . . . .

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member . . . when the defendant would be the only available caregiver for such family member or individual.

U.S.S.G. § 1B1.13(b)(3).

Key to this section are the requirements that the caregiver or individual being cared for be "incapacitated" and that no other caregiver be available to take over the caregiving. Although the Sentencing Commission does not define "incapacitation" in the context of compassionate release, some courts have found "[g]enerally, a person is incapacitated when [s]he is 'completely disabled' and cannot care for [her]self." *United States v. Bautista*, No. 3:15-cr-02720-DMS, 2024 WL 3014637, at *3 (S.D. Cal. June 14, 2024) (citing *United States v. Garcia Lizarraga*, No. 20-cr-2053-LAB-1, 2024 WL 1626330, at *2 (S.D. Cal. Apr. 15, 2024)).  Other courts have adopted the Uniform Probate Code and found that a person is "incapacitated" when that individual "is unable to receive and evaluate information or make or communicate decisions to such an extent that the individual lacks the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance." *United States v. Taveras*, 731

22cr2264

F. Supp. 3d 94, 99 (D. Mass. 2024) (citing Uniform Probate Code, Section 5-102(4) (1969, revised 2019)).

In addition, "[d]istrict courts routinely deny motions for compassionate release when inmates cannot show that they would be the only available caretaker, even if their incarceration imposes substantial burden on" other caretakers or members of the family. *United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020) (collecting cases).

As a preliminary matter, Defendant clearly does not fall into the initial three categories outlined in U.S.S.G. § 1B1.13 (A) through (C).  If anything, Defendant's Motion would fall into the subsection (D) catch-all section.  However, Defendant fails to demonstrate that his daughter is "incapacitated."  The fact that she has been directed to avoid lifting and physical strain during her pregnancy, although certainly difficult, is a far cry from incapacitation.

In addition, Defendant, who has the burden of proof, fails to show that he is the only other available caretaker to assist his daughter.  She apparently receives assistance during the day from a daycare center and there are other family members, including an older brother, a mother, and perhaps others, who may be available to help her during the next six months while her husband is deployed.  Therefore, Defendant fails to meet his burden of showing that extraordinary and compelling reasons justify his release.

### C.  Factors Under 18 U.S.C. § 3553(a)

Even if the Court were to find that extraordinary and compelling reasons exist for Defendant's Motion (which it does not), the Court still must consider the factors under 18 U.S.C. § 3553(a).  Considering those factors, the Court finds a reduction in sentence would not be appropriate.

Defendant was responsible for bilking friends and acquaintances out of over five million dollars.  He used these profits to support his own luxury lifestyle.  This was his fourth conviction for committing financial schemes.  The victims expressed concern that, if he were released, he would scam other individuals out of their life savings.

22cr2264

Given the nature and circumstances of the offense, and to protect the public from further crimes of the defendant, the current sentence is sufficient but not greater than necessary and should not be reduced.  Reduction of the time in custody would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment of the offense.  Hence, the Court additionally finds that the Section 3553(a) factors do not support a reduction in Defendant's sentence.

## III.    CONCLUSION

For all the reasons stated above, Defendant's Motion to Reduce Sentence is **DENIED**. (ECF No. 98.)

**IT IS SO ORDERED.**

**DATED: April 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

22cr2264